**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1155**

CATHY MORRIS,

Plaintiff – Appellant,

v.

DORMA AUTOMATICS INCORPORATED; CAROLINA DOOR CONTROLS, INCORPORATED,

Defendants – Appellees,

and

KMART CORPORATION,

Defendant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.   David C. Norton, District Judge. (2:09-cv-03267-DCN)

Submitted:  June 21, 2013            Decided:  August 8, 2013

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Kevin Holmes, THE STEINBERG LAW FIRM, L.L.P., Charleston, South Carolina, for Appellant.  Robert H. Hood, James B. Hood, T. Happel Scurry, Deborah Harrison Sheffield, HOOD LAW FIRM, LLC, Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Cathy Morris appeals from the district court's entry of summary judgment in favor of defendants Dorma Automatics, Inc. ("Dorma") and Carolina Door Controls, Inc. ("CDC"). Morris posits a single assignment of error in her opening brief, that is, whether the court incorrectly excluded certain of her trial exhibits pursuant to Rule 407 of the Federal Rules of Evidence. As set forth below, we reject Morris's contention and affirm.

Morris initiated this suit seeking compensation for injuries she suffered on June 24, 2008, when she became stuck in a set of recently installed automatic doors at a Kmart Store located in Charleston, South Carolina.[1] Prior to trial, Dorma and CDC sought to exclude from evidence seventeen exhibits, consisting of work orders, service reports, and warranty bills, that Morris intended to offer in support of her manufacturing defect claim. The district court granted the motion in part, excluding five documents under Federal Rule of Evidence 407.[2]

---

[1] For purposes of our review of the district court's summary judgment award, we recite the facts in the light most favorable to Morris, as the nonmoving party. See Durham v. Horner, 690 F.3d 183, 185 n.3 (4th Cir. 2012).

[2] In its entirety, Rule 407 of the Federal Rules of Evidence provides that

(Continued)

The district court's evidentiary ruling, which we review for abuse of discretion, is the sole issue identified in this appeal. See United States v. Rooks, 596 F.3d 204, 209-10 (4th Cir. 2010) (standard of review); Snyder v. Phelps, 580 F.3d 206, 217 (4th Cir. 2009) ("Appellant must raise in its opening brief all the issues it wishes the court to address." (internal quotation marks omitted)).

In an order explaining its ruling, the district court carefully differentiated between the proffered documents that described measures actually implemented after June 24, 2008, and those documents that did not.[3]  See J.A. 167-79.[4]  Morris does

---

[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

[3] In her brief, Morris mischaracterizes the district court's evidentiary ruling as excluding evidence that the court did not, in fact, exclude. Compare Br. of Appellant 16 (challenging exclusion of August 14, 2008 work order (J.A. 76) and August 15, 2008 service report (J.A. 77)); with J.A. 174-75 (explaining that those documents would be admitted provided that Morris established a proper foundation).

3

not dispute that the evidence excluded by the district court describes measures taken that would have made her injury less likely to occur, or that she intended to offer such evidence to prove a defect in the automatic doors. Instead, she asks us to craft a judicial exception to Rule 407, but provides no justifiable reason for doing so.[5] In these circumstances, we readily conclude that the district court did not abuse its discretion by applying Rule 407 and excluding the two work orders (J.A. 74, 78), two service reports (J.A. 75, 80), and one warranty bill (J.A. 81) as evidence of subsequent remedial measures.

Pursuant to the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[4] Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[5] Morris devotes a significant portion of her brief to the alternative argument that the excluded evidence should have been admitted for the limited purpose of impeaching the defendants' expert witness, who would have opined that the doors were functioning properly. Correct or not, this contention is irrelevant. Even were it proper impeachment, the contested evidence would not have been admissible for substantive purposes, and it could not save what Morris's trial counsel has conceded to be otherwise insufficient evidence. See J.A. 163 (stating that "in light of [the district court's] evidentiary rulings . . . I really do not have sufficient evidence to establish a defective product case").

materials before this court and argument would not aid the decisional process.

AFFIRMED